UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

PATRICK BERNARD JONES,

　　Plaintiff,

　　v.　　　　　　　　　　　　　　　　CAUSE NO. 1:24-CV-101-HAB-SLC

TRAVIS J. GLICK, et al.,

　　Defendants.

OPINION AND ORDER

Patrick Bernard Jones, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Jones alleges that, on September 20, 2022, while he was an inmate at the LaGrange County Jail, mail containing privileged information addressed to his Steuben County public defender was erroneously sent to the courthouse. Clerk of the LaGrange Superior Court Kimberly Johnson received the mail and stamped it as filed, but she did not place it on the record. Jones believes that Johnson provided the mail to the prosecutor's office, causing privileged information to be disclosed. He believes that, in

response to the information contained in the letter, the prosecutor's office reviewed his phone calls from the jail, which resulted in additional charges being brought against Jones.[1]

Jones indicates that, when his public defender spoke with Prosecuting Attorney Tara Teresa Heign about the sudden interest in his calls, she said they were attempting to locate Jones' victim, because there was a warrant for her arrest. Jones believes that the stated reason for her interest in the phone calls was meant to cover up the true reason, which he feels stems from reading the letter that was inadvertently sent to the clerk's office. He feels he was the victim of malicious of vindictive prosecution, and he seeks monetary damages.

Jones is suing Prosecuting Attorneys Tara Teresa Heign, Travis J. Glick, and Michelle Sue Bostain. However, "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). Absolute immunity shields prosecutors even if they act maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence. *Smith v. Power*, 346 F.3d 740, 742 (7th Cir. 2003). Therefore, Jones may not proceed against these defendants.

Jones is also suing Clerk of the LaGrange Superior Court Kimberly Johnson because he speculates that she revealed the contents of mail she received to the prosecutor's office. To the extent Jones takes issue with the alleged actions of the clerk,

---

[1] In a separate case, 1:23-CV-225-HAB-SLC, Jones is proceeding against the officer at the jail who interfered with his legal mail.

his claim against the clerk is barred by the doctrine of quasi-judicial immunity. "Non-judicial officials whose official duties have an integral relationship with the judicial process are entitled to absolute immunity for their quasi-judicial conduct." *Henry v. Farmer City State Bank*, 808 F.2d 1228, 1238 (7th Cir. 1986). Clerks of court, trustees, and government attorneys are immune from suit when "performing functions intimately entwined with the judicial process." *Miller v. Asbach*, No. 05C0828, 2006 WL 2527630, at *2 (E.D. Wis. Aug. 30, 2006) (citing *Maus v. U.S. Bankr. Ct. for Dist. of Nev.*, 828 F.2d 1385, 1390 (9th Cir. 1987).). Because determining how to handle incoming mail is integral to the judicial process, Clerk of the LaGrange Superior Court Kimberly Johnson is immune from suit.

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). However, "courts have broad discretion to deny leave to amend where . . . the amendment would be futile." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). For the reasons previously explained, such is the case here.

For these reasons, this case is DISMISSED under 28 U.S.C. § 1915A.

SO ORDERED on April 1, 2024.

                                                s/Holly A. Brady  
                                                CHIEF JUDGE  
                                                UNITED STATES DISTRICT COURT